984 So.2d 136 (2008)
Randy LEBLANC and Doris LeBlanc, Individually and on Behalf of their Minor Child, Nicole LeBlanc
v.
Travis GUNTENAAR, U.S. Agencies and State Farm Automobile Insurance Company.
No. 07-CA-904.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
Writ Denied June 6, 2008.
*137 Cossich, Sumich, Parsiola & Taylor, Philip F. Cossich, Jr., David A. Parsiola, Brandon J. Taylor, Attorneys at Law, Belle Chasse, Louisiana, for Plaintiff/Appellant.
Ungarino & Eckert, Wayne R. Maldonado, Karen G. Arena, Attorneys at Law, Metairie, Louisiana, for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Randy LeBlanc ("LeBlanc") was involved in an automobile accident on August 12, 2004 while in the course and scope of his employment with Boh Brothers Construction Co., L.L.C. ("Boh Brothers"). LeBlanc was traveling eastbound on Interstate 10 when a vehicle driven by Travis Guntenaar crossed the center line and struck LeBlanc's vehicle. LeBlanc sustained serious injuries as a result of the accident.
LeBlanc filed suit against Guntenaar, his insurer, U.S. Agencies, and LeBlanc's insurer, State Farm Automobile Insurance Company. LeBlanc also sued Boh Brothers' insurer, Illinois National Insurance Company ("Illinois National"). Boh Brothers maintained a Business Auto Policy, which provided coverage for LeBlanc at the time of the accident since he was in the course and scope of his employment. LeBlanc alleged the Illinois National policy was in effect at the time of the accident and provided uninsured/underinsured motorist ("UM") coverage.
LeBlanc and Illinois National filed cross motions for summary judgment. Illinois National argued the policy issued to Boh Brothers did not have UM coverage. LeBlanc argued the UM rejection form from 2001 was invalid on its face, so there was UM coverage. A hearing was held November 20, 2006 on the cross motions for summary judgment regarding the validity of the UM coverage waiver executed by Boh Brothers. The trial court issued a judgment on November 28, 2006 denying Illinois National's motion and granting LeBlanc's motion.
On April 3, 2007, Illinois National filed another motion for summary judgment arguing that LeBlanc cannot recover from his own UM policy and his employer's UM policy pursuant to anti-stacking provisions of La. R.S. 22:680. Illinois National also filed a Motion to Reconsider and/or Reopen the motion for summary judgment and cross motion for summary judgment regarding the issue of the waiver of UM coverage. Illinois National contended that since the hearing, it had located a properly executed UM waiver form applicable to the policy period in question.
Boh Brothers first purchased its commercial automobile policy with Illinois National on October 1, 2000. On that date, Robert Boh properly executed an uninsured/underinsured motorist and bodily injury coverage form rejecting UM coverage. The form further stated:
. . . My choice shall apply to the motor vehicles described in the policy and to any replacement vehicles, to all renewals of my policy and to all reinstatement or substitute policies until I make a written request for a change in my Bodily Injury Liability Coverage or UMBI Coverage.
Boh Brothers renewed the policy without changes in liability limits in 2001, 2002, 2003, and 2004. In the 2001 renewal, a new UM waiver form was executed and Boh Brothers sought to waive UM coverage. *138 However, the rejection selection was not initialed by the Boh Brothers representative. Instead, there were only typed x's on the line for that selection. There were no other UM waiver forms completed with subsequent renewals.
The trial court issued a Judgment on June 22, 2007 granting Illinois National's motion to reconsider motion for summary judgment, granting Illinois National's motion for summary judgment based on production of the properly executed UM waiver and denying the motion for summary judgment based on anti-stacking provisions of La. R.S. 22:680(1)(e). The trial court also issued Reasons for Judgment stating that the anti-stacking provisions do not apply where primary insurance coverage exists, as it does in this case. The trial court also stated that it was persuaded that the UM waiver form dated October 1, 2000 was in effect at the time of the accident, pursuant to La. R.S. 22:680(1)(a)(ii). The Court reasoned that Boh Brothers and Illinois National neither confected a new policy nor altered the limits of liability following October 1, 2000, therefore, the improperly executed waiver dated October 1, 2000 had no affect on the limits of liability contained in the prior properly executed waiver. Thus, the motion for summary judgment based on the UM coverage waiver was granted.

DISCUSSION
LeBlanc now appeals arguing the trial court erred by granting Illinois National's Cross Motion for Summary Judgment on the basis of an outdated and inapplicable Uninsured/Underinsured Motorist Bodily Injury Coverage Form. LeBlanc argues that the 2001 waiver form was the most recent completed form, so it governs the policy. That waiver form was found invalid by the trial court in this case, therefore, LeBlanc argues the policy provides UM coverage.
In opposition, Illinois National argues the 2000 waiver form is still in effect since no changes were made to coverage in the policy and the invalid 2001 waiver form does not supercede or nullify the 2000 waiver form.
For the reasons which follow, we affirm the trial court's judgment granting summary judgment in favor of Illinois National, finding no UM coverage in the Boh Brothers policy.
First, we agree with Illinois National that the 2000 UM waiver form is in effect and Boh Brothers did waive UM coverage. The 2000 waiver form was properly executed and included the language quoted above, that indicated it would remain in effect until the insured made a written request for a change in the liability coverage or UM coverage.
La. R.S. 22:680(1)(a)(i) states, in part:
Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
Boh Brothers renewed its policy from 2001-2004 for the same liability limits, through affiliated AIG companies, and these policies did not constitute new policies. Boh Brothers did not make any written requests to change the liability limits or UM coverage.
LeBlanc argues that the invalid 2001 waiver form nullifies the valid 2000 waiver form. He argues this invalid 2001 form indicates an intent by Boh Brothers to change its UM coverage. However, the form actually shows intent by Boh Brothers to again reject UM coverage. The *139 form is invalid because it does not comply with statutory requirements, but clearly shows the intent of Boh Brothers was to again reject UM coverage. Thus, we find this 2001 form is not a written notice to change UM coverage and does not nullify the 2000 waiver form. Therefore, according to the properly executed 2000 UM waiver form and La. R.S. 22:680(1)(a)(i), we find the 2000 UM waiver form remained in full force and effect and Boh Brothers had no UM coverage and the trial court properly granted summary judgment on this issue.
Accordingly, the trial court's judgment granting summary judgment in favor of Illinois National is affirmed.
AFFIRMED.