STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0068

DEBORAH VERNEUIL

VERSUS

GOAUTO INSURANCE COMPANY

Judgment Rendered: _____**JUN 0 3 2024**_____

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 730982, Div. 22

The Honorable Beau Higginbotham, Judge Presiding

* * * * *

| | |
|---|---|
| Charlotte C. McDaniel<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellant<br>Deborah Verneuil |
| Chase Tettleton<br>Adrian P. Smith<br>Stephen Babcock<br>Benjamin C. O'Connor<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee<br>GoAuto Insurance Company |

* * * * *

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

**STROMBERG, J.**

The plaintiff, Deborah Verneuil, appeals from a trial court judgment granting a motion for summary judgment in favor of the defendant, GoAuto Insurance Company, dismissing her claims with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 24, 2022, the plaintiff was struck on the passenger side of her automobile by Lois Clausen in Ponchatoula. On April 13, 2023, the plaintiff filed a petition for personal injuries and bad faith against the defendant, her insurer, alleging that she was injured in the accident and received treatment for her injuries. The accident was caused by the negligence of Lois Clausen and her insurer, State Farm Mutual Automobile Insurance Company, accepted liability for the accident and paid the full policy limits of $15,000.00 to the plaintiff. The plaintiff requested that her insurer, the defendant, pay the limits of her uninsured/underinsured motorist (UM) coverage for her damages.[1] The defendant became the plaintiff's insurer in February 2018, and she purchased both comprehensive and collision insurance coverage. At the time of the purchase of the insurance policy, the plaintiff rejected uninsured motorist bodily injury (UMBI) coverage. However, in 2020 she changed her insurance policy to include $25,000.00 for uninsured motorist property damage (UMPD) coverage, and she dropped comprehensive and collision coverage. The plaintiff alleged that the change in her coverage without executing a new UM selection form rejecting UMBI coverage resulted in the defendant being required to include UM coverage at the same limits as the original coverage.

---

[1] At the time of the accident, the plaintiff had an effective policy with the defendant under insurance number 599916-18.

2

On June 30, 2023, the defendant filed a motion for summary judgment to dismiss the plaintiff's claim against it with prejudice. The defendant asserted that there was no genuine issue of material fact that the defendant was entitled to summary judgment as a matter of law because the insurance policy in question did not provide UM coverage for the plaintiff's claim at the time of the accident. The defendant argued that although the plaintiff had an insurance policy in effect at the time of the accident, she rejected UMBI coverage when she applied for insurance in 2018, and that rejection was still in effect when the plaintiff's accident occurred. The defendant further argued that although the plaintiff renewed her policy several times, the initial rejection of UMBI coverage remained valid for the life of the policy. The only change that the plaintiff made to her policy was to substitute comprehensive and collision coverage for UMPD coverage in March 2020. The defendant argued that this change in coverage was not a change in the limits of liability and therefore a new UMBI selection form was not required.

In support of its motion for summary judgment, the defendant attached to its motion the plaintiff's insurance policy, as well as her UMBI selection form, wherein she rejected UMBI coverage and acknowledged that she understood that she would "not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist." The defendant also submitted the affidavit of Shelly Brooks, the underwriting manager for the defendant, who attested that "[a]t no time between [the plaintiff's] initial application for insurance on February 22, 2018, and the January 24, 2022, collision at issue, did [the plaintiff] submit a new [UM] selection form to [the defendant.]" Shelly Brooks further attested that the plaintiff did not change her limits of liability coverage under her insurance policy between her initial application for insurance on February 22, 2018, and January 24, 2022, when the accident occurred.

The plaintiff opposed the defendant's motion for summary judgment, arguing that there were genuine issues of material fact remaining that precluded summary judgment. Specifically, the plaintiff argued that consistent with public policy, when she changed her insurance coverage to include UMPD coverage, the defendant had a duty to provide the plaintiff with a new UM selection form. The plaintiff argued that because a new UM selection form was not provided to her, the law automatically required the defendant to include coverage at the same limits as the original coverage provided to her.

On September 25, 2023, the trial court held a hearing on the defendant's motion for summary judgment. After counsel for the parties argued, the trial court orally ruled that although the plaintiff changed her insurance coverage to include UMPD coverage, she did not add coverage for UMBI. Therefore, the trial court found the plaintiff's original waiver of UMBI coverage to be valid. On September 29, 2023, the trial court signed a judgment in accordance with its oral ruling granting summary judgment in favor of the defendant, dismissing the plaintiff's claim with prejudice. The plaintiff subsequently appealed.

**STANDARD OF REVIEW AND APPLICABLE LAW**

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966(A)(3); **Lucas v. Maison Insurance Company**, 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 83-84.

The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2). The purpose of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether

4

there is a genuine need for trial. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 769 (*per curiam*). After an adequate opportunity for discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).[2]

On a motion for summary judgment, the initial burden of proof rests with the mover. <u>See</u> La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, after meeting its initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. <u>See</u> La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84.

---

[2] We note that La. C.C.P. art. 966 was amended by 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1, which became effective on August 1, 2023. However, the analysis of the motion for summary judgment in this matter is the same under either version; therefore, we pretermit any analysis on this amendment.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines**, 876 So.2d at 765. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. **Hines**, 876 So.2d at 765-766. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Collins**, 298 So.3d at 195.

The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. **Johnson v. Bass**, 2021-0139 (La. App. 1 Cir. 12/22/21), 340 So.3d 28, 31, writ denied, 2022-00156 (La. 4/5/22), 335 So.3d 836. As an insurer seeking to avoid coverage through summary judgment, the defendant bears the burden of proving that some provision or exclusion applies to preclude coverage. **Id.**

In all automobile liability insurance policies delivered in this state covering vehicles registered in this state, Louisiana law requires UM coverage in the same amount as the bodily injury liability coverage, unless "any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage[.]" La. R.S. 22:1295(l)(a)(i); **Johnson**, 340 So.3d at 31. "Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance" for that purpose and be "signed by the named insured or his legal representative." La. R.S.

6

22:1295(1)(a)(ii); **Johnson**, 340 So.3d at 31-32. "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." **Id.** The provisions governing UM coverage further provide:

> Any changes to an existing policy, regardless of whether these changes create new coverage, **except changes in the limits of liability, do not create a new policy** and **do not require the completion of new uninsured motorist selection forms**. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

La. R.S. 22:1295(1)(a)(ii) (Emphasis added.)

## DISCUSSION

Louisiana Revised Statutes 22:1295 addresses UM coverage in Louisiana and the statute is to be liberally construed. **Hughes v. Zurich Am. Ins. Co.**, 2013-2167 (La. App. 1 Cir. 8/20/14), 153 So.3d 477, 479, writ denied, 2014-2220 (La. 1/9/15), 157 So.3d 1107. Given the liberal construction, any statutory exceptions to coverage must be strictly interpreted. **Id.** Insurers in Louisiana are required to include UM coverage unless specifically rejected by the insured. **Id.** It is the rejection of UM coverage, and not its acceptance, that must be the affirmative act of the insured. **Id.**

In this case, it is undisputed that the plaintiff validly rejected[3] UM coverage when she first acquired automobile insurance with the defendant in 2018. Once coverage was validly rejected on the prescribed form, it remains "valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named

---

[3] Rejection of coverage shall be made on a form prescribed by the commissioner of insurance. La. R.S. 22:1295(1)(a)(ii). A properly completed UM rejection form must meet six requirements: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy are chosen, then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy numbers; and (6) filling in the date. **Hughes**, 153 So.3d at 479 n.1.

7

insured by the same insurer or any of its affiliates." La. R.S. 22:1295(1)(a)(ii). "Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms." **Id.**

The plaintiff argues on appeal that the defendant changed her UM coverage in 2020, and the defendant failed to provide her with a new UM selection form. The record reveals that the plaintiff changed her UM coverage in 2020 to include $25,000.00 in UMPD coverage. Louisiana Revised Statutes 22:1295(1)(a)(ii) recognizes that only changes in the "limits of liability" to an existing policy will create a new policy that requires the completion of a new UM selection form. UMPD coverage is not mentioned anywhere on the UMBI coverage form. Nor can we equate "limits of liability" to UMPD coverage. See **Pendarvis v. Liberty Mut. Ins. Co.**, 2007-2092 (La. App. 1 Cir. 5/2/08), 991 So.2d 505, 509-510, writ denied, 2008-1184 (La. 10/3/08), 992 So.2d 1013. Thus, we find that because the plaintiff's policy limits of liability did not change, a new UM selection form was not required to be completed by the plaintiff and the plaintiff's UM selection form executed in 2018 was valid for the life of the policy. See **Johnson**, 340 So.3d at 33-34.

After a *de novo* review, we find that the language of La. R.S. 22:1295 is clear and unambiguous; only changes in the "limits of liability" to an existing policy will create a new policy that requires the completion of a new UM selection form. **Pendarvis**, 991 So.2d at 509-510. The only change the plaintiff made to her insurance policy was the addition of UMPD coverage. There was no change to the limits of liability and a new policy was not created. See **Williams v. Mosley**, 2019-0578 (La. App. 1 Cir. 1/9/20), 294 So.3d 1060, 1065. Accordingly, we find that there is no genuine issue of material fact that with no change in the limits of liability, pursuant to La. R.S. 22:1295, a new UM selection form is not required.

8

Therefore, summary judgment in favor of the defendant was appropriate. <u>See</u> **Johnson**, 340 So.3d at 35.

## CONCLUSION

For the foregoing reasons, we affirm the September 29, 2023 judgment of the trial court, granting summary judgment in favor of the defendant, GoAuto Insurance Company, and dismissing, with prejudice, all claims filed by the plaintiff, Deborah Verneuil. All costs of this appeal are assessed against Deborah Verneuil.

**AFFIRMED.**